Debt upon a bond dated 10 February, 1837. Plea: Payment.
The defendant, in support of his plea, called one Wesley Hanks, who deposed that some time after the date of the bond, to-wit, on 4 December, 1837, he assisted in making a settlement between Ward and Hatch, which he understood to be of all their mutual dealings and accounts; that among other matters included therein was a sum of $1,285 charged in the said settlement and account, being the price of a negro man, Jerry, purchased by them jointly, and which negro had been kept by the defendant Hatch; and the balance being ascertained, it was paid or settled; and the bond now sued on was not produced nor mentioned by either of the parties.
The defendant alleged that the said bond had been given to the plaintiff for the one-half of the price of the said negro Jerry, and for the purpose of proving this he called a witness named Mainor, who deposed that in February last, in Alabama, he, at the request of the defendant (who was then in that State, where Ward and the witness had been residing for several years), went to Ward and asked him for information as to this bond; that Ward then told him that the bond was given for the half of the negro Jerry; that he had left the bond with Mrs. Joseph Burke to keep for him until he should call for it; that he owed Burke nothing, and that the whole was a sham. (283)
The plaintiff then examined as a witness another person who had aided in making the settlement above mentioned between Ward and Hatch, and who deposed that he understood that settlement to relate only to their open accounts, and not to any of their bonds or liquidated demands on each other.
The defendant then called Mrs. Joseph Burke, and after she was sworn, declined to examine her; upon which the plaintiff, for the purpose of discrediting the witness Mainor, proposed to prove by Mrs. Burke that Ward, before he left this State and after 4 December, 1837, did, in her presence, deliver the said bond to her late husband, Joseph Burke, declaring at the time it was to be his property in satisfaction of debts which Ward owed him for board, etc., the existence of which debts she knew.
To this evidence the defendant's counsel objected, because it was giving in evidence the declarations of the plaintiff, in the absence of the defendant, to support the plaintiff's case. The judge overruled the objection, and the witness being examined gave evidence to the effect stated.
The jury found a verdict for the plaintiff, and after an unsuccessful motion for a new trial, judgment being rendered for the plaintiff, the defendant appealed. *Page 216 
It is argued here for the plaintiff that the evidence of Mrs. Burke was admissible to prove an act done by the plaintiff, relative to the bond, variant from what Mainor, the defendant's witness, proved that the plaintiff had admitted to him had been done with the said bond. The evidence was offered and received, say the plaintiff's counsel, to discredit Mainor; but we think, as the law would not permit the plaintiff to be a witness for himself, as he was directly interested in the event of the suit, neither will it permit him to make his own acts and (284) declarations, done or spoken in the absence of the defendant, evidence for himself to impeach his adversary's witnesses, or for any other purpose, tending to support his own side of the issue, to-wit, that the bond still remained unpaid.
PER CURIAM. New trial.